# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WHITE, | Case No. 1:13-cv-00203-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| v. | |
| J. ZUNIGA, et al., | |
| Defendants. | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.    Screening Requirement and Standard**

Plaintiff Andre White, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 8, 2013. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

    **A.    Allegations**

Plaintiff, who is currently incarcerated at Salinas Valley State Prison in Soledad, California, brings this action against prison officials for violating his rights while he was incarcerated at Kern Valley State Prison (KVSP) in Delano, California.  Plaintiff names Correctional Officers J. Zuniga, B. Gonzales, J. Cervantes, J. Escobar, and R. Gallardo, and Correctional Lieutenant M. Stewart as defendants.  Plaintiff seeks damages.

Plaintiff alleges that he filed an inmate appeal against Defendant Zuniga on June 6, 2012. On June 21, 2012, Defendants Zuniga, Gonzales, and Cervantes approached his cell, and Defendant Zuniga said, "You [s]tupid [a]ss [n]igger!  You want to 602 me I will fuck you over." (Comp., court record p. 5.)  Defendant Gonzales then said, "Fuck this!  Let's bomb this [n]igger [m]onkey!"  (*Id.*)  Defendant Cervantes tried to stop Defendants Zuniga and Gonzales, telling

them they could not "bomb" Plaintiff without good cause. (*Id.*) Defendant Gonzales shoved Defendant Cervantes aside, and Defendants Gonzales and Zuniga tossed their gas grenades into Plaintiff's cell, leaving Plaintiff and his cellmate wheezing and coughing with their eyes, noses, and skin burning. Plaintiff and his cellmate began screaming for help, and Plaintiff heard Defendants Gonzales and Zuniga laughing and cursing.

Plaintiff alleges that Defendants Gonzales and Zuniga sprayed Plaintiff and his cellmate with pepper spray through the food port after throwing in the gas canisters. Plaintiff and his cellmate were then ordered to cuff up, which they did. While Plaintiff was being escorted by Defendant Escobar, he was hit in the back of the head and knocked down, face first. Once Plaintiff was down, officers hit and kicked him in the head, face, and body. One officer, using a racial epithet against Plaintiff, ordered another officer to hold him down. Officers than pulled Plaintiff's shorts and underwear off, and he was repeatedly penetrated with a baton. Plaintiff called for help and one of the officers kicked him in the face. Plaintiff heard a female voice say, "Stop, stop, stop. Don't do that to him." (*Id.*, p. 6.) The assault then stopped and Plaintiff was placed in a holding cell with his cellmate, where they remained for approximately five hours in handcuffs without receiving any medical care.

While in the holding cell, Plaintiff was approached by Defendants Gallardo and Stewart.[1] Plaintiff stated what had taken place and the sergeant (Gallardo) said, "I was there and we are fed up with you niggers. You and your cellmate will be given 115's write-up's [sic], to justify the bombing, and spraying, yor [sic] two, and that's something you have to live with." (*Id.*) Plaintiff and his cellmate were then returned to their contaminated cell.

Several hours later, a correctional officer saw the condition of Plaintiff's cell and removed Plaintiff and his cellmate. At that time, they were allowed to decontaminate themselves and receive medical care.

Plaintiff alleges that since the incident, he has suffered from chronic headaches, a dislocated shoulder, deteriorated eyesight, and nightmares.

---

[1] In the section identifying the parties, Plaintiff describes Gallardo as a correctional officer, but in the statement of his claim, he identifies Gallardo as a sergeant.

**B.     Claims**

    **1.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175 (2010) (per curiam) (citing *Hudson*, 503 U.S. at 7) (internal quotation marks omitted); *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, *Hudson*, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, *Wilkins*, 559 U.S. at 37-8 (citing *Hudson*, 503 U.S. at 9-10) (quotation marks omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

    Plaintiff's allegations give rise to an Eighth Amendment claim against Defendants Zuniga and Gonzales for their involvement in gassing his cell and applying pepper spray through the food port, *Wilkins*, 559 U.S. at 37-8, and an Eighth Amendment claim against Defendant Gallardo arising from his presence during the beating and sexual assault which occurred after Plaintiff was removed from his cell, *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013). However, Plaintiff allegations do not show that Defendant Cervantes joined in the use of force or otherwise acted or failed to act in a manner which provides a basis for liability under section 1983. *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995). To the contrary, Plaintiff alleges that Defendant Cervantes tried to stop the use of the gas canisters but was pushed aside.

    Additionally, Plaintiff has not alleged any facts which link Defendant Escobar or Defendant Stewart to any involvement in the use of force. Neither identifying Defendant Escobar as his escorting officer nor describing Defendant Stewart as present during Defendant Gallardo's

4

comments suffices to demonstrate a basis for liability under section 1983. *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).

Finally, although the sexual assault of a prisoner by guards unquestionably supports a claim under the Eighth Amendment, *Woods v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012), Plaintiff has not specifically linked anyone other than Defendant Gallardo to that incident, *Lacey*, 693 F.3d at 915-16.

### 2. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff's allegations are sufficient to support a claim that Defendants Zuniga, Gonzales, and Gallardo intentionally discriminated against him based his race. However, no other defendant is linked to Plaintiff's equal protection claim.

### 3. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Plaintiff has a protected right to file inmate appeals and his allegations are sufficient to support a claim against Defendants Zuniga and

Gonzales for using excessive force against him in retaliation for the appeal he filed against Zuniga. However, Plaintiff's allegations do not link any other defendants to a claim of retaliation.

### 4. Due Process

Plaintiff also alleges that the named defendants prevented him from exhausting his inmate appeal, in violation of his right to due process.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). However, Plaintiff does not a have protected liberty interest in the processing his appeals, and he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, Plaintiff's due process claim arising out of the handling of his inmate appeal is dismissed, with prejudice.

### 5. Official Capacity Claims

Finally, Plaintiff names each defendant in his official and individual capacities. Because Plaintiff is no longer incarcerated at KVSP, he is limited to seeking money damages, 18 U.S.C. § 3626(a)(1)(A); *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012); *Pinnacle Armor, Inc. v. U.SA.*, 648 F.3d 708, 715 (9th Cir. 2011); *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001), and "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities," *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Plaintiff may proceed with his individual personal capacity claims, but his official capacity claims are dismissed. *Hafer v. Melo*, 502 U.S. 21, 30-1, 112 S.Ct. 358 (1991); *Snow v. McDaniel*, 681 F.3d 978, 990-91 (9th Cir. 2012); *Suever v. Connell*, 579 F.3d 1047, 1060-61 (9th Cir. 2009); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

### III. Conclusion and Order

Plaintiff's complaint states cognizable excessive force and equal protection claims against Defendants Zuniga, Gonzales, and Gallardo, and a cognizable retaliation claim against Defendants

Zuniga and Gonzales. However, Plaintiff fails to state any other claims upon which relief may be granted under section 1983.[2] Plaintiff has not previously been provided with notice of the deficiencies in his claims and therefore, the Court will grant Plaintiff leave to amend to cure those deficiencies which Plaintiff believes, in good faith, are curable. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only against Defendants Zuniga, Gonzales, and Gallardo on the claims found to be cognizable, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims. The other defendants and claims will then be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated on Defendants Zuniga, Gonzales, and Gallardo.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

---

[2] The complaint may be missing a page, as there is no hand-numbered page 7 and Plaintiff's claims begin with Claim II. (Comp., court record p. 7.) On the other hand, it may instead be a misnumbering issue, as the end of page 6 and the beginning of page 8 together form a complete sentence. (*Id.*, court record pp. 6, 7.)

7

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only against Defendants Zuniga, Gonzales, and Gallardo on the claims found to be cognizable; and

3. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated: **November 13, 2013**           **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE