1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   ANDRE WHITE, JR.,                        1:13-cv-000203-AWI-SKO (PC)

12              Plaintiff,

13        v.                                   ORDER DENYING MOTION FOR
                                               APPOINTMENT OF COUNSEL
14   J. ZUNIGA, et al,
                                               (Document# 30)
15              Defendant.

16

17        On July 10, 2015, plaintiff filed a motion seeking the appointment of counsel for his

18   deposition, which is scheduled for July 16, 2015.  Plaintiff does not have a constitutional right to

19   appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the

20   court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard

21   v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct.

22   1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the

23   voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

24        Without a reasonable method of securing and compensating counsel, the court will seek

25   volunteer counsel only in the most serious and exceptional cases.  In determining whether

26   "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

27   the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

28   complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **July 10, 2015**                      **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

2