# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WHITE, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ZUNIGA, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-00203 DAD DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(Document 34) |

Plaintiff Andre White Jr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Pursuant to the March 10, 2015, Discovery and Scheduling Order, the deadline to file a motion for summary judgment based on exhaustion was June 10, 2015. The dispositive motion deadline is currently January 19, 2016.

On December 30, 2015, Defendants filed a motion to modify the Discovery and Scheduling Order. Defendants seek to modify the June 10, 2015, deadline to permit the filing of a motion based on exhaustion by January 19, 2016. The Court deems the matter suitable without an opposition pursuant to Local Rule 230(l).

///

///

1

**DISCUSSION**

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification." Johnson, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic, 302 F.3d at 1087 (quoting Johnson, 975 F.2d at 609).

Here, Defendants request that the June 10, 2015, deadline for filings motions based on exhausted be extended to coincide with the dispositive motion deadline of January 19, 2016. Defendants' counsel explains that he was recently added to this action and was asked to evaluate the case for a possible exhaustion challenge. Counsel found grounds for such a motion and states that the motion would be dispositive of the entire case.

Given the Ninth Circuit's instruction to decide exhaustion issues as soon as possible and newly-added counsel's recent discovery, good cause exists to extend the deadline. Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014). Any prejudice to Plaintiff is unlikely because Plaintiff was afforded eight months to conduct discovery, including discovery related to exhaustion. Accordingly, Defendants' motion is GRANTED and the Discovery and Scheduling Order is MODIFIED to permit motions based on exhaustion to be filed no later than January 19, 2016.

IT IS SO ORDERED.

Dated:  **January 13, 2016**              /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE