# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WHITE, JR., | Case No.: 1:13cv00203 DAD DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| J. ZUNIGA, et al., | (Document 38) |
| Defendants. | THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Andre White ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on February 8, 2013. The action proceeds on Plaintiff's Second Amended Complaint against (1) Defendants Zuniga, Gonzales, Escobar, and Gallardo for violation of the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment; and (2) against Defendants Zuniga and Gonzales for retaliation in violation of the First Amendment.

On January 19, 2016, Defendant filed the instant motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies.[1] Defendants also argue that alternatively, they are entitled to summary judgment on the merits.

On February 22, 2016, Defendants filed the declaration of Derrek J. Lee in lieu of a reply, indicating that Plaintiff had not opposed the motion.

---

[1] Defendants' motion included the required notices.

1

On March 18, 2016, the Court ordered Plaintiff to file an opposition within thirty (30) days. The Court also warned Plaintiff that if he did not file an opposition, the motion would be decided without his input.

Over thirty (30) days have passed and Plaintiff has not filed an opposition or otherwise contacted the Court.[2]  The motion is ready for decision pursuant to Local Rule 230(l).

**A.     PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that he filed an inmate appeal against Defendant Zuniga on June 6, 2012.

On June 21, 2012, Defendants Zuniga, Gonzales and Officer Cervantes approached his cell, and Defendant Zuniga said, "You [s]tupid [a]ss [n]igger!  You want to 602 me I will fuck you over." ECF No. 18, at 5.  Defendant Gonzales then said, "Fuck this! Let's bomb this [n]igger [m]onkey!" ECF No. 18, at 5.  Officer Cervantes tried to stop Defendants Zuniga and Gonzales, telling them they could not "bomb" Plaintiff without good cause.  ECF No. 18, at 5.  Defendant Gonzales shoved Officer Cervantes aside, and Defendants Gonzales and Zuniga tossed their gas grenades into Plaintiff's cell, leaving Plaintiff and his cellmate wheezing and coughing with their eyes, noses, and skin burning.  Plaintiff and his cellmate began screaming for help, and Plaintiff heard Defendants Gonzales and Zuniga laughing and cursing.

Plaintiff alleges that Defendants Gonzales and Zuniga sprayed him and his cellmate with pepper spray through the food port after throwing in the gas canisters.  Plaintiff and his cellmate were then ordered to cuff up, which they did.

While Plaintiff was being escorted by Defendant Escobar, he was hit in the back of the head and knocked down, face first.  Once Plaintiff was down, officers hit and kicked him in the head, face, and body.  One officer, using a racial epithet against Plaintiff, ordered another officer to hold him down.  Officers than pulled Plaintiff's shorts and underwear off, and he was repeatedly penetrated with a baton.  Plaintiff called for help and one of the officers kicked him in the face.  Plaintiff heard a female voice say, "Stop, stop, stop. Don't do that to him."  ECF No. 18, at 6.  The assault then stopped

---

[2]  Plaintiff's last contact with the Court was his July 10, 2015, motion for the appointment of counsel.

2

and Plaintiff was placed in a holding cell with his cellmate, where they remained for approximately five hours in handcuffs without receiving any medical care.

While in the holding cell, Plaintiff was approached by Defendant Gallardo and Officer Stewart. Plaintiff stated what had taken place and Defendant Gallardo said, "I was there and we are fed up with you niggers. You and your cellmate will be given 115's write-up's [sic], to justify the bombing, and spraying, yor [sic] two, and that's something you have to live with." ECF No. 18, at 6. Plaintiff and his cellmate were then returned to their contaminated cell.

B.  **LEGAL STANDARD**

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings. Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Defendant bears the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If Defendant carries his burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)). "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

C.  **APPEALS PROCESS**

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. In order to satisfy section

1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

To exhaust available remedies during the relevant time period, an inmate must proceed through three formal levels of review unless otherwise excused under the regulations. Cal. Code Regs. tit. 15, § 3084.5. The appeal must be submitted within thirty calendar days of (1) the occurrence of the event being appealed; (2) upon first having knowledge of the event; or (3) upon receiving an unsatisfactory departmental response to an appeal. Cal. Code Regs. tit., § 3084.8(b). An inmate is not required to seek resolution at the informal level, but they must continue to secure review at all three formal levels of review, culminating in a third-level decision. Cal. Code Regs. tit. 15, § 3084.7

### D. UNDISPUTED FACTS[3]

Plaintiff is an inmate in the custody of CDCR and is currently incarcerated at Salinas Valley State Prison. ECF No. 18, at 1. At all relevant times, Plaintiff was housed at Kern Valley State Prison ("KVSP"), in cell 125 of Facility A, Building 8. Zuniga Decl. ¶ 8; Pl.'s Dep. 20:11-16.

Plaintiff alleges that he filed an appeal against Defendant Zuniga related to damaged property prior to the June 21, 2012, incident. ECF No. 18, at 5; Pl.'s Dep. 19:5-10.

On June 21, 2012, Defendant Zuniga and Officer Cervantes gave Plaintiff and his cellmate their dinner trays through the food port. Zuniga Decl. ¶ 7; Pl.'s Dep. 22:3-23:25. Defendant Zuniga approached cell 125 of Facility A, Building 8, and requested return of the dinner trays. Zuniga Decl. ¶ 8; Pl.'s Dep. 24:19-21.

Plaintiff alleges that when Defendant Zuniga returned, he said, "What's up with the 602?" Pl.'s Dep. 27:3-13; ECF No. 18, at 5. Plaintiff alleges that a few minutes later, Defendant Zuniga

---

[3] Plaintiff did not oppose this motion. Generally, a verified complaint would constitute an opposing affidavit for purposes of summary judgment. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004). However, Plaintiff's Second Amended Complaint was not signed under penalty of perjury, and the Court cannot treat it as an affidavit. Schroeder v. McDonald, 55 F.3d 454, 460 n. 10 (9th Cir.1995) (pleading counts as "verified" if the drafter states under penalty of perjury that the contents are true and correct). Therefore, Defendants facts are undisputed unless brought into dispute by Plaintiff's deposition, submitted by Defendants in support of their motion. The Court has reviewed Plaintiff's deposition, and he does not discuss his attempts to exhaust these claims.

4

returned with Defendants Gonzales and Officer Cervantes. Pl.'s Dep. 28:15-24; ECF No. 18, at 5. He contends that Defendant Zuniga ordered him to cuff up and started cussing at him. Pl.'s Dep. 29:2-8. Plaintiff further contends that Defendant Gonzales stepped in, and yelled at Plaintiff using cuss words and the "n" word. Pl.'s Dep. 29:13; ECF No. 18, at 5. According to Plaintiff, Defendant Gonzales threated to "bomb" him and continued yelling and using racial slurs. Pl.'s Dep. 29:13-21. Officer Cervantes stopped him. Pl.'s Dep. 29:22-30:1. Plaintiff contends that Defendant Gonzales ignored Officer Cervantes and threw the bomb. Pl.'s Dep. 30:2-3. Plaintiff also contends that Defendant Zuniga threw his bomb. Pl.'s Dep. 30:4-6. The bomb detonated and Plaintiff and his cellmate could not breathe. Pl.'s Dep. 30:5-8; ECF No. 18, at 5. Defendants Zuniga and Gonzales also pepper sprayed him and his cellmate through the food port. Pl.'s Dep. 30:10-14; ECF No. 18, at 5.[4]

Plaintiff then cuffed-up. Zuniga Decl. ¶ 31; Pl.'s Dep. 30:24-32:3; ECF No. 18, at 6.

Defendant Escobar responded and escorted Plaintiff to the medical patio to decontaminate. Escobar Decl. ¶¶ 11-12; ECF No. 18, at 6. Plaintiff contends that he was then hit in the back of the head and eventually knocked to the floor. Pl.'s Dep. 38:8-9, 39:6-11; ECF No. 18, at 6. He further contends that Defendant Gonzales called him a "monkey" Pl.'s Dep. 43:10-18. At this point, Plaintiff alleges that he was repeatedly penetrated with a baton. Pl.'s Dep. 44:4-8; ECF No. 18, at 6.[5]

A female voice ordered the assault to stop, and Plaintiff was pulled up, escorted to the program office and placed into a holding cage. Pl.'s Dep. 44:10-14; 47:7-13.

Plaintiff was found guilty of a Rules Violation Report for "Willfully Delaying/Obstructing a Peace Officer Resulting in Use of Force." Lee Decl., Ex. B.

From June 21, 2012, through February 8, 2013 (the date this action was filed), KVSP accepted and processed one grievance filed by Plaintiff, Log No. KVSP-O-12-02287. Tallerico Decl. ¶ 9. In that grievance, submitted on June 24, 2012, Plaintiff complained that Defendant Zuniga allowed water

---

[4] Defendants contend that Defendant Gonzales used pepper-spray after Plaintiff refused orders and started to destroy the dinner tray. When Plaintiff did not comply, Defendant Gonzales threw a pepper spray blast grenade through the food port, but it initially failed to discharge. Defendant Zuniga then threw a pepper spray blast grenade through the food port, and the two grenades discharged. Zuniga Decl. ¶¶ 9-30; Gonzales Decl. ¶¶ 9-21. The disputed nature of the incident is not relevant to the exhaustion analysis.

[5] Defendants deny that any such assault took place.

from the shower to flow into his cell on May 30, 2012, resulting in property damage. Tallerico Decl., Ex. B.

Appeal Log No. KVSP-O-12-02287 was denied at the Third Level on October 4, 2012. Voong Decl. ¶ 8, Ex. B.

**E.      DISCUSSION**

It is undisputed that Plaintiff did not file an appeal related to the events and claims in this action.

As explained previously, the Court notes that Plaintiff did not file an opposition to this motion. The Court gave Plaintiff a second opportunity to file an opposition, but he again failed to do so. When a pro se plaintiff does not file an opposition, the Court will often look to a verified complaint. However, Plaintiff's Second Amended Complaint was not signed under penalty of perjury and the Court cannot consider his statements relating to exhaustion.[6] Plaintiff's deposition does not provide useful information, either, as he does not discuss his attempts to exhaust.

Therefore, the Court has attempted to give Plaintiff the benefit of the doubt in deciding this motion. Without proper evidence from Plaintiff, he cannot carry his burden to defeat Defendants' exhaustion challenge.

As the Court has found Plaintiff's claims unexhausted, it will not reach the alternative arguments in Defendants' motion.

**F.      CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Defendants' motion for summary judgment, filed January 19, 2016, be GRANTED; and

2.      This action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust;

///

---

[6] In his Second Amended Complaint, Plaintiff appears to argue that he submitted an appeal relating to the claims in this action but that it was improperly rejected as untimely. He attaches an appeal dated July 17, 2012, and stamped received on July 25, 2012. The appeal was cancelled at the Second Level on August 1, 2012. He also attaches another appeal dated August 3, 2012, contending that he was prevented from exhausting. There is no indication that the appeal was ever received. ECF No. 18, at 13-15, 40.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 24, 2016**                              **/s/ Sandra M. Snyder**
                                                               UNITED STATES MAGISTRATE JUDGE